UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAMUEL EARL NORWOOD JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-457-G |
| | ) | |
| CHRISTE QUICK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On July 1, 2024, Petitioner Samuel Earl Norwood Jr., a state prisoner appearing pro se, filed an amended petition seeking federal habeas corpus relief. *See* Am. Pet. (Doc. No. 10). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda Maxfield Green for initial proceedings.

Respondent, Warden Carrie Bridges, filed a Motion to Dismiss (Doc. No. 17), to which Petitioner did not respond.

On March 21, 2025, Judge Green issued a Report and Recommendation (Doc. No. 21), in which she recommended that the Amended Petition be dismissed as moot. Judge Green concluded that Petitioner's habeas claims are moot due to Petitioner's release, as Petitioner is no longer "in custody," and due to the lack of any showing of "collateral consequences" of the relevant conviction "adequate to meet Article III's injury-in-fact requirement." 28 U.S.C. § 2241(c)(3); R. & R. at 4-6 (internal quotation marks omitted).

In the Report and Recommendation, Judge Green advised the parties of their right to object to the Report and Recommendation by April 11, 2025. Judge Green also advised

that a failure to timely object would constitute a waiver of the right to appellate review of the factual findings and legal conclusions contained in the Report and Recommendation.

As of this date, no party has submitted an objection to the Report and Recommendation or sought leave for additional time to do so.[1]

CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 21) is ADOPTED, and the Amended Petition for Writ of Habeas Corpus (Doc. No. 10) is DISMISSED without prejudice. A separate judgment shall be entered.

Rules 1(b) and 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts require the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

---

[1] The Report and Recommendation was mailed to Petitioner at the address on file with the Court and returned as undeliverable. *See* Doc. No. 22.

IT IS SO ORDERED this 22nd day of April, 2025.

_____
CHARLES B. GOODWIN
United States District Judge